*42 Vroom.*          Lapat v. Erie Railroad Co.

---

LAZAR LAPAT, APPELLEE, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted December 8, 1903—Decided November 7, 1904.

A judgment rendered in the District Court upon the findings of the judge upon mixed questions of law and fact, will not be reversed on appeal upon the assumption that the judge found any of the facts adversely to the party for whom he gave a general judgment. The presumption is that the judge found such facts as will support the judgment that was rendered. Such findings are not reviewable if there was any testimony to support them.

On appeal from the District Court of Jersey City.

Before Justices GARRISON and GARRETSON.

For the appellant, *Collins & Corbin.*

For the appellee, *Wayne Dumont.*

The opinion of the court was delivered by

GARRISON, J. This is an appeal from a judgment rendered in the District Court upon a trial before the judge of said court. The agreed state of the case consists of (1) the facts

proved by the plaintiff; (2) a motion for a nonsuit, which was denied; (3) the facts proved by the defendant; (4) the finding of the judge in favor of the plaintiff, the assessment of damages and the judgment therefor.

The plaintiff's case was that, as consignee of two bags of metal, he received by mail, at eleven o'clock on Saturday morning, a notice from the defendant that it had received the two bags of metal and that after twenty-four hours after notice given regular storage rates would be charged. That night the freight station of the defendant was robbed of the metal, of which notice was given to the plaintiff on Sunday morning. The plaintiff also proved that for several years he had always received a similar notice of the arrival of like shipments and had removed the goods within twenty-four hours; that in the present case he paid the freight and had not removed the goods because Sunday intervened.

At the conclusion of the plaintiff's case the defendant moved for nonsuit, on the following grounds:

1. Because the liability of the defendant as a common carrier ceased immediately on the arrival of the goods at the River street station, and the liability thereafter was only that of a warehouseman; and there is no proof of any negligence against the company as warehouseman.

2. The liability of the defendant as a common carrier ceased within a reasonable time after the goods had arrived at the River street station, and the reasonable time had already elapsed when the goods in question were stolen.

3. The liability of the defendant as a common carrier ceased within a reasonable time after actual notice of the arrival of the goods had been received by plaintiff, assuming that such notice was legally necessary; and it was undisputed that notice was received between eleven and twelve o'clock Saturday forenoon, and the goods were not stolen until Saturday night.

4. According to the terms of the bill of lading, offered in evidence by the plaintiff and which constituted the contract of carriage, the shipper, acting as the agent for the con-

signee, contracted that "property not removed by the person or party entitled to receive it within twenty-four hours after its arrival at destination, may be kept in the car, depot or place of delivery of the carrier, at the sole risk of the owner."

The motion for nonsuit was denied and for the defendant certain facts were proved, among which were that the freight-house had been entered through a window eight feet above the floor, by means of a ladder; that the window was of glass, protected by iron bars one-half inch thick, secured by one nail at each end of a bar; that the nails could have been drawn by the claw of a hammer, but looked as if forced by an iron bar; that four of these bars had been removed and a part of the window sash broken; that there was no watchman, and had been none for seven years, during which time two other robberies had occurred.

There was no request to the court to give judgment for the defendant upon any special finding of facts, hence the only legal errors now open for discussion are the refusal to nonsuit and the rendition of judgment for the plaintiff upon the mixed question of law and fact at the close of the whole case.

In view of the testimony that was supplied by the defendant the refusal to nonsuit at the close of the plaintiff's case was not error, unless it was also error for the judge to have given judgment for the plaintiff at the close of all the testimony. The two assignments are in legal effect one and the same.

At the close of the whole case, the mixed questions of law and fact to be decided were whether the plaintiff was under the proofs entitled to a reasonable time to remove his goods after the receipt of the customary notice from the defendant, whether such reasonable time had expired at the time that the goods were stolen, and, if the defendant be regarded as a warehouseman, whether it was negligent in protecting the goods in its freight-house. Upon each of these points there was some testimony to support the finding of the trial court

in favor of the plaintiff. The agreed state of the case does not disclose upon what precise state of facts the judge decided these several issues, but all intendments necessary to support the judgment upon any of the issues presented must be made. If the defendant desired to limit the force of this doctrine by showing just what facts the trial court had found as the basis of its judgment, a rule upon the judge for that purpose should have been obtained. As the case stands, each of the errors assigned as matter of law is met and overcome by the legal presumption that the fact upon which the defendant must rely was decided against it by the court below. Such findings cannot be here reviewed upon the mere weight of evidence.

The appellate court will not, for the purpose of reversing a judgment for legal errors, assume that the trial court found upon any of the issues of fact adversely to the party for whom a general judgment was rendered.

The judgment of the District Court must be affirmed, with costs.